# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SARCOREY L. CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) No. 4:14-CV-835-NAB |
| | ) |
| JENNIFER SACHSE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court are plaintiff's post-dismissal motion for appointment of counsel [Doc. #13], motion for relief from judgment [Doc. #14], motion for alternative dispute resolution [Doc. #15], motion for leave to file an amended complaint [Doc. #16], and motion for temporary restraining order [Doc. #17].

Plaintiff is presently confined at the South Central Correctional Center. He filed the instant action for monetary damages[1] pursuant to 42 U.S.C. § 1983,

---

[1] Plaintiff also summarily listed "Injunctive relief" in the relief section of the amended complaint [Doc. #2, p. 24]; however, he did not specifically indicate or plead what injunctive relief he was seeking against the MECC defendants. In addition, when plaintiff filed this action, he was no longer incarcerated at MECC. As such, the Court liberally construed the amended complaint as asserting claims for monetary relief against the defendant MECC employees. *See Gladson v. Iowa Department of Corrections,* 551 F.3d 825, 835 (8th Cir.2009) (inmate's claims for declaratory and injunctive relief are moot when he is transferred to another facility and is no longer subject to alleged unlawful conditions); *Pratt v. Correctional Corp. of America*, 267 Fed. Appx. 482 (8th Cir.2008); *Smith v. Hundley,* 190 F.3d 852, 855 (8th Cir.1999) (same).

alleging violations of his constitutional rights. Plaintiff brought this action against eight named defendants, all of whom were alleged to be employees of the Missouri Eastern Correctional Center ("MECC"). The events giving rise to the complaint also occurred at MECC.

On May 27, 2014, after reviewing the first amended complaint pursuant to 28 U.S.C. § 1915, the Court dismissed plaintiff's claims as frivolous and for failure to state a claim upon which relief could be granted [Doc. #9 and #10]. On June 4, 2014, the Court received and filed plaintiff's motion for appointment of counsel [Doc. #13] and motion for relief from judgment [Doc. #14]; on June 6, 2014, the Court filed plaintiff's motion for alternative dispute resolution [Doc. #15] and motion for leave to file an amended complaint [Doc. #16]; on June 11, 2014, the Court filed plaintiff's motion for temporary restraining order [Doc. #17]. On June 23, 2014, while said motions were pending, plaintiff filed a notice of appeal [Doc. #20] relative to the May 27, 2014 Order of Dismissal.

Upon the filing of the notice of appeal, this Court lost jurisdiction to grant any of plaintiff's pending motions. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("[F]iling of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's post-dismissal motion for appointment of counsel [Doc. #13], motion for relief from judgment [Doc. #14], motion for alternative dispute resolution [Doc. #15], motion for leave to file an amended complaint [Doc. #16], and motion for temporary restraining order [Doc. #17] are **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that an appeal from the denial of the aforementioned would not be taken in good faith.

Dated this 7th day of July, 2014.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE